UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICHELLE SANTIAGO,

       Plaintiff,

v.                                                CASE NO.:

FLORIDA SPINE & WELLNESS CENTER, CORP.,
d/b/a SPINE CORRECTION, a Florida Profit
Corporation, and ALI HAMTAEE, D.C., individually,

       Defendants.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANICHELLE SANTIAGO ("Plaintiff"), hereby sues the Defendants, FLORIDA SPINE & WELLNESS CENTER, CORP., d/b/a SPINE CORRECTION ("SPINE CORRECTION") and ALI HAMTAEE, D.C. ("HAMTAEE") (collectively "Defendants") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court because all facts material to all claims set forth herein occurred in Polk County, Florida.

3. At all times material, Plaintiff is and was a resident of Florida.

4. At all times material, Defendant SPINE CORRECTION was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 28023 U.S. Highway 27, Dundee, FL 33838.

5. At all times material, Defendant HAMTAEE is and was a resident of Polk County.

**GENERAL ALLEGATIONS**

6. Defendant SPINE CORRECTION is a company that operates a chiropractic and pain management practice from two locations in Dundee and Sebring Florida.

7. Defendant HAMTAEE is the President and owner of SPINE CORRECTION. In that position, HAMTAEE exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10. Plaintiff was employed by Defendants from February 4, 2019 through February 13, 2020 as an "office coordinator," performing non-exempt functions such as scheduling patients, front desk receptionist duties, checking in and checking out patients, and record keeping.

11. Plaintiff was engaged in interstate commerce during her employment

with Defendants.

12. As a full-time office coordinator, Plaintiff regularly utilized the internet, telephone, facsimiles and interstate wires to submit and receive billing, medical and insurance data and information to and from outside the state of Florida and regularly prepared reports for direct interstate transmission.

13. As a full-time office coordinator, Plaintiff regularly engaged in the sending and receiving of, and preparation of, out-of-state remittances, letters, bills, and other documents, and her work involved the regular and recurrent use of the interstate mails, telephone, telegraph, and similar agencies for communication across state lines.

14. Defendants failed to keep accurate time records as legally required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendants to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

15. Plaintiff was required to work Monday through Friday, from 7:00 a.m. to at least 6:00 p.m., but often continued working past 6:00 p.m. depending upon business.

16. Plaintiff would on occasion take a one-hour lunch break, but on Tuesdays and Thursdays would be required to travel to the Sebring location, which would result in a shorter lunch break. Thus, a reasonable approximation of the number of overtime hours worked by Plaintiff would exceed 10 hours per workweek.

17. In addition to the afore-stated overtime hours, Plaintiff frequently was

required to travel to Orlando for training and was not compensated at the requisite overtime rate for such time.

18. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**COUNT I**
**OVERTIME – FLSA (BOTH DEFENDANTS)**

19. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

20. This action is brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA") to recover unpaid overtime compensation owed to Plaintiff.

21. Plaintiff was an employee of Defendants under the FLSA.

22. Plaintiff routinely worked in excess of forty (40) hours a workweek but was not paid overtime compensation at a rate of time and one-half as required by the FLSA. Defendants, in an effort to evade their statutory duty to pay overtime compensation at a rate of time and one-half for all hours worked by Plaintiff in excess of forty (40) hours a workweek, misclassified her as exempt from overtime.

23. When she was hired, Plaintiff was led to believe that her job would be 35 hours per week. There was never any understanding with Defendants that she would receive a fixed amount as salary for whatever hours she was called upon to work in a workweek, whether few or many.

24. Defendants failed to comply with the FLSA because Plaintiff was regularly required to work in excess of forty (40) hours a workweek but was not paid

overtime compensation as required by the FLSA.

25. Defendant HAMTAEE is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

26. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated employees. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

27. Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

28. Plaintiff has suffered harm, including unpaid overtime compensation, as a direct result of Defendants' failure to pay Plaintiff overtime compensation as required by the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## UNPAID WAGES (DEFENDANT SPINE CORRECTION)

29. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

30. This is a common law claim for unpaid wages.

31. Plaintiff was an employee of Defendant SPINE CORRECTION.

32. Defendant SPINE CORRECTION promised Plaintiff that she would be paid $1,120.00 bi-weekly and had a duty to pay Plaintiff that rate of pay (plus applicable overtime).

33. Plaintiff worked full time hours during the two weeks prior to the date of her termination on February 13, 2020.

34. Defendant SPINE CORRECTION did not pay the full $1,120.00 for the February wages promised to her by Defendant SPINE CORRECTION, thereby breaching its duty to Plaintiff.

35. Plaintiff's unpaid February wages constitute unpaid wages which are owed and payable by Defendant SPINE CORRECTION pursuant to Florida Statute Chapter 448.

36. Defendant SPINE CORRECTION, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment to Plaintiff as required by Florida common law and Chapter 448.

37. As a result of Defendant's failure to pay earned wages, Plaintiff has suffered damages, including unpaid salary, interest and attorneys' fees.

WHEREFORE, Plaintiff prays for the following relief: Awarding damages in the

amount of the unpaid salary owed, plus attorneys' fees and costs pursuant to Fla. Stat. § 448.08, and awarding all such other relief as the Court deems just and appropriate.

## COUNT III
## MINIMUM WAGE – FLSA (BOTH DEFENDANTS)

38. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 18 as if fully restated herein.

39. This action is brought under the FLSA to recover unpaid minimum wages owed to Plaintiff.

40. Pursuant to the FLSA, an employer must pay non-exempt employees the full minimum wage and any statutory overtime due on the next regularly scheduled pay day for the workweek in question. Failure to do so constitutes a violation of the FLSA.

41. Plaintiff worked full time hours during the two weeks prior to the date of her termination on February 13, 2020.

42. Defendants did not pay, and Plaintiff is owed, minimum wages for the hours she worked during the two weeks prior to the date of her termination on February 13, 2020.

43. Defendants' failure to pay Plaintiff on the regularly scheduled pay day for the workweek in question the minimum wages for the hours she worked in February 2020 constitutes a violation of the FLSA.

44. Defendant HAMTAEE is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain

employment records and has operational control over significant aspects of the company's day-to-day functions.

45. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff. Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

46. Plaintiff has suffered harm, including unpaid minimum wages, as a direct result of Defendants' failure to timely pay Plaintiff minimum wages as required by the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order awarding damages in the amount of the unpaid minimum wages owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 17th day of March, 2020.

Respectfully submitted,

/s/ Jay P. Lechner
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
**LECHNER LAW**
Jay P. Lechner, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 412
Tampa, Florida 33602

Telephone: (813) 842-7071  
Facsimile: (813) 225-1392  
jplechn@jaylechner.com  
shelley@jaylechner.com  
*Attorneys for Plaintiff*